IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

**STATE FARM FIRE AND**
**CASUALTY COMPANY,**

      Plaintiff,

Vs.                                                                  Docket No.
                                                            Judge:

**WILLIAM HIGGINS, and**
**PHYLLIS BURTON**

---

### COMPLAINT FOR DECLARATORY JUDGMENT

Comes now Plaintiff State Farm Fire and Casualty Company, and for its Complaint against Defendant William Higgins and Defendant Phyllis Burton, would state and show as follows:

1.    Plaintiff State Farm Fire and Casualty Company ("State Farm") is an Illinois corporation with its principal place of business located in Bloomington, Illinois, and duly qualified to do business in Tennessee.

2.    Defendant William Higgins is a resident and citizen of Shelby County, Tennessee, and may be served with process at his residence located at 622 Watson Street, Memphis, Tennessee 38111-7527.

3.    Defendant Phyllis Burton is a resident and citizen of Shelby County, Tennessee and may be served with process at her residence located at 7654 Carter Creek Cove, Memphis, Tennessee 38125.

4.    Plaintiff brings this action for declaratory judgment pursuant to 28 U.S.C. §§ 2201-2202. This Court has jurisdiction to hear this cause pursuant to 28 U.S.C. §

1332 as it is between citizens of different states and the amount in controversy exceeds $75,000.00 exclusive of interests and costs.

5. This Court is the proper venue for this action pursuant to 28 U.S.C. § 1391, and Local Rule of Court 77.1(c), because it is the district in which a substantial part of the events giving rise to the claim occurred and in which Defendants reside.

6. Plaintiff State Farm issued its Homeowner's Policy of Insurance, policy number 42-J5-7105-2 (copy attached as **Exhibit A**), to William Higgins with effective dates of May 23, 2008 through May 23, 2009. This policy was in full force and effect on or about September 12, 2008, and at all times pertinent to this action.

7. On September 8, 2009, a Complaint for personal injuries was filed in the Circuit Court of Shelby County, Tennessee by Defendant Phyllis Burton against Defendant William Higgins, seeking compensatory damages in the amount of $150,000.00 and punitive damages in the amount of $150,000.00. The Complaint bears the docket number CT-004228-09, and a copy is attached hereto as **Exhibit B**.

8. The allegations of the personal injury suit, according to the Complaint bearing docket number CT-004228-09, arise out of an incident wherein William Higgins assaulted Phyllis Burton.

9. Defendant William Higgins has demanded that Plaintiff State Farm provide a defense and coverage for the above-referenced lawsuit filed against him by Phyllis Burton, in the Circuit Court of Shelby County, Tennessee.

10. Plaintiff State Farm contends and asserts that it has no duty under its Homeowner's Policy, policy number 42-J5-7105-2, to defend and/or indemnify William Higgins under the facts alleged in the Complaint filed by Phyllis Burton. Therefore, an

actual, justiciable controversy exists relating to the legal rights and duties of the parties named herein.

      11.     State Farm's Homeowner's Policy states in pertinent part:

**DEFINITIONS**

"You" and "your" mean the "named insured" shown in the **Declarations**. Your spouse is included if a resident of your household. "We", "us" and "our" mean the Company shown in the **Declarations**.

Certain words and phrases are defined as follows:

1.    "**bodily injury**" means physical injury, sickness, or disease to a person. This includes required care, loss of services and death resulting therefrom.

   **Bodily injury** does not include:
   . . .
   c.    emotional distress, mental anguish, humiliation, mental distress, mental injury, or any similar injury unless it arises out of actual physical injury to some person.

. . .

7.    "**occurrence**", when used in Section II of this policy, means an accident, including exposure to conditions, which results in:
   a.    **bodily injury**; or
   b.    **property damage**;
   during the policy period. Repeated or continuous exposure to the same general conditions is considered to be one **occurrence**.

. . .

**SECTION II – LIABILITY COVERAGES**
**COVERAGE L – PERSONAL LIABILITY**

If a claim is made or a suit is brought against an **insured** for damages because of **bodily injury** or **property damage** to which this coverage applies, caused by an **occurrence**, we will:

1.    pay up to our limit of liability for the damages for which the **insured** is legally liable; and
2.    provide a defense at our expense by counsel of our choice. We may make any investigation and settle any claim or suit that we decide is appropriate. Our obligation to defend any claim or suit ends when the amount we pay for damages, to effect settlement or satisfy a judgment resulting from the **occurrence**, equals our limit of liability.

**COVERAGE M – MEDICAL PAYMENTS TO OTHERS**

> We will pay the necessary medical expenses incurred or medically ascertained within three years from the date of an accident causing **bodily injury**. . . . This coverage applies only:
>
>    . . .
>    2.   to a person off the **insured location**, if the **bodily injury**:
>          b.   is caused by the activities of an **insured**. . . .
>
> . . .
> **SECTION II – EXCLUSIONS**
>
> 1.   Coverage L and Coverage M do not apply to:
>
>      a.   **bodily injury** or **property damage**:
>           (1)   which is either expected or intended by the **insured**; or
>           (2)   which is the result of willful and malicious acts of the **insured**. . . .

      12.    According to the allegations of the Complaint, William Higgins threatened, attacked and struck Phyllis Burton and injured her resulting in severe and permanent injuries to her hand and entire nervous and emotional system, fright and shock, physical pain and mental anguish, impaired ability to enjoy the normal pleasures of life, medical expenses and loss of earning capacity.

      13.    Pursuant to the above-referenced provisions of State Farm's Homeowner's Policy, and the facts alleged in the Complaint for personal injuries filed by Phyllis Burton in the Circuit Court of Shelby County, Tennessee, docket number CT-004228-09, Plaintiff State Farm contends that it has no duty to defend and/or indemnify Defendant William Higgins in that cause or to provide coverage for any liability arising out of the alleged attack of Defendant Higgins because such act does not meet the definition of "occurrence" under the policy.  Plaintiff State Farm further contends that it has no duty to defend and/or indemnify Defendant Higgins in that cause or to provide coverage for any liability arising out of the alleged act of Defendant Higgins because the claimed injuries were not "bodily injury" as defined by the policy.  Additionally, Plaintiff State Farm

contends that it has no duty to defend and/or indemnify Defendant Higgins pursuant to the exclusionary language of the policy which states that "Coverage L and M do not apply to: a. bodily injury or property damage: (1) which is either expected or intended by the insured; or (2) which is the result of willful and malicious acts of the insured."

WHEREFORE, PREMISES CONSIDERED, Plaintiff State Farm Fire and Casualty Company prays:

1. That process issue and be served upon the Defendants requiring each of them to answer this Complaint for Declaratory Judgment;

2. For a declaration of rights, obligations, and legal relations of the Plaintiff and Defendants by reason of the aforesaid policy of insurance;

3. For a declaration that Plaintiff is not obligated to furnish legal counsel or otherwise provide a defense on behalf of Defendant William Higgins or any other party-defendant in the action filed by Phyllis Burton pending in the Shelby County Circuit Court, docket number CT-004228-09;

4. For a declaration that no coverage is afforded under the insurance policy issued to William Higgins, policy number 42-J5-7105-2, for the claims and demands made in the action filed by Phyllis Burton pending in the Shelby County Circuit Court, docket number CT-004228-09;

5. For the costs of this cause; and

6. For such other relief to which Plaintiff may be entitled under the facts and circumstances of this cause.

Respectfully submitted,

RAINEY, KIZER, REVIERE & BELL, P.L.C.


By:     s/ Russell E. Reviere
         RUSSELL E. REVIERE, BPR #07166
         JONATHAN D. STEWART, BPR #023039
         *Attorneys for Plaintiff State Farm Fire and*
         *Casualty Company*
         209 E. Main Street
         P.O. Box 1147
         Jackson, TN  38302!1147
         (731) 423-2414

## **COST BOND**

We acknowledge ourselves surety for costs in the above matter not to exceed One Thousand and 00/100 Dollars ($1,000.00).

                              RAINEY, KIZER, REVIERE & BELL, P.L.C.

                              By:    s/ Russell E. Reviere
                                         RUSSELL E. REVIERE, BPR #07166
                                         JONATHAN D. STEWART, BPR #023039
                                         *Attorneys for Plaintiff*